IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

DAVID J. PFAHLER and,
MARLENE AMBROGIO

  Plaintiffs,

v.

ROBB SWIMM, Custodian for Scott Swimm, and
SCOTT SWIMM, Individually,

  Defendants.

---

## COMPLAINT AND JURY DEMAND

---

The plaintiffs, David J. Pfahler and Marlene Ambrogio, file their Complaint and Jury Demand, and allege as follows:

1. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(2) because the parties are citizens of a State and citizens or subjects of a foreign state.

2. The plaintiffs are citizens of Pennsylvania.

3. The defendants are citizens of Colorado.

4. The matter in controversy, taking into account the nature, extent, and permanency of the injuries alleged, and the reasonable actual, general, and non-economic damages sustained by the plaintiffs, exceeds the value of $75,000.00, exclusive of

interest and costs.

## GENERAL ALLEGATIONS

5. On Friday, January 12, 2007, the plaintiff, David J. Pfahler, and the defendant, Scott Swimm, were both skiing at Beaver Creek Ski Resort in Colorado on a trail named Golden Bear near the base of the mountain.

6. Both Mr. Pfahler and Mr. Scott Swimm were "skiers" pursuant to the Colorado Ski Safety Act. C.R.S. § 33-44-103(8).

7. Mr. Pfahler was skiing at a slow pace ahead (downhill) of the defendant. Mr. Pfahler was plainly and readily visible, maintaining a proper lookout, skiing slowly and in control.

8. Defendant Swimm was skiing negligently and recklessly, at a high rate of speed. He collided into Mr. Pfahler causing him to be injured.

9. The sole proximate cause of the collision was the negligent manner in which the defendant was skiing.

**NEGLIGENCE *PER SE* PURSUANT TO THE COLORADO SKI SAFETY ACT**

10. Defendant Swimm had the duty to maintain control of his speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and objects. As the uphill and overtaking skier, defendant Swimm had the primary duty to avoid collision with any person in front of him. C.R.S. § 33-44-109(2).

11. The defendant had the sole responsibility for knowing the range of his own ability

to negotiate any slope or trail and to ski within the limits of such ability. *Id.,* §109(1).

12. The defendant had the statutory duty to heed all posted information and other warnings and to refrain from acting in a manner which may cause or contribute to the injury of the skier or others. Id., §109(5).

13. Defendant breached these duties.

14. A breach of a statutory duty enumerated in the Colorado Ski Safety Act, to the extent such violation causes injury to any person, constitutes negligence on the part of the person violating such requirement. C.R.S. §33-44-104(1).

15. As a proximate result of the breach of the statutory duties by the defendant Swimm, plaintiffs suffered injuries, damages and losses as set out below.

## NEGLIGENCE

16. The defendant also owed a common law duty to refrain from skiing in a manner which foreseeably would cause injury to others. He breached this duty to the plaintiff by skiing too fast and out of control, thus colliding into Plaintiff and being the sole proximate cause of Plaintiff's injuries, damages, and losses.

## DAMAGES

17. The collision caused Mr. Pfahler to suffer a massive anterior rotator cuff tear, requiring right shoulder arthroscopy with subacromial decompression with release of coracoacromial ligament, distal clavicle resection and debridement of labral tearing, labral tearing and chondroplasty, and open repair of massive rotator cuff.

18. He has had to engage in an extensive and continuous course of physical therapy.

19. The plaintiffs have incurred and will incur in the future economic losses, including lost vacation expenses, hospital, surgical, and medical expenses, charges for physicians' services and examinations, clinic visits, physical therapy, radiographic studies, lost sick time, and other related expenses. These damages are all caused by the injuries he sustained as a proximate result of the defendant's negligence, and negligence *per se*.

20. Mr. Pfahler may sustain permanent disability, impairment, disfigurement and heightened risks of arthritic changes in his shoulder.

21. As the direct and proximate result of the injuries suffered, Mr. Pfahler has and will continue to suffer non-economic injuries including, disfigurement and impairment.

22. Mr. Pfahler has and will also sustain pain, suffering, mental and emotional distress, and a loss of enjoyment of life.

23. The total value of these injuries, damages and losses, are as yet unknown but nonetheless exceed the jurisdictional threshold of this court.

**LOSS OF CONSORTIUM**

24. At all relevant times, Marlene Ambrogio was married to David J. Pfahler. Marlene Ambrogio claims damages for the loss of her husband's services, consortium and for the value of her time in connection with her nursing, medical and other services rendered to Mr. Pfahler.

WHEREFORE, Plaintiffs pray for general and special damages in amounts to be determined at trial, interest from the date of the injury, January 12, 2007, costs and expenses of suit, attorneys' fees, if appropriate, and such other relief as the Court deems

proper.

## JURY TRIAL DEMANDED

Respectfully submitted,

s/ Russell R. Hatten
_____
Russell R. Hatten
James H. Chalat
CHALAT HATTEN LAW OFFICES, P.C.
1900 Grant Street, Suite 1050
Denver, Colorado 80203
Telephone: 303.861.1042
Fax: 303.861.0506
Email: Rhatten@chalatlaw.com
ATTORNEYS FOR PLAINTIFFS

Plaintiffs' Address:
1131 No. 28th Street
Allentown, PA 18104-2907