IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01885-MJW-KLM

DAVID J. PFAHLER and,
MARLENE AMBROGIO,

Plaintiffs,

v.

ROBB SWIMM, Custodian for Scott Swimm, and
SCOTT SWIMM, individually,

Defendants.

---

**ORDER REGARDING**
**PLAINTIFFS' MOTION FOR FORTHWITH INTERIM CIVIL GAG ORDER AND MOTION FOR PERMANENT CIVIL GAG ORDER (DOCKET NO. 18)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Forthwith Interim Civil Gag Order and Motion for Permanent Civil Gag Order (docket no. 18). The court has reviewed the motion, the response (docket no. 23), and reply (docket no. 24). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The jury's objective in all cases is to search for the truth. See Sims v. ANR Freight Sys., Inc., 77 F.3d 846, 849 (5th Cir. 1996) ("A trial is a proceeding designed to be a search for the truth."). Outside influences potentially impair the jury's ability to

search for the truth. See Patterson v. Colorado, 205 U.S. 454, 462 (1907) ("The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print."); United States v. Weisman, 736 F.2d 421, 424 (7th Cir. 1984) ("It is a fundamental principle of our jurisprudence that 'the jury's verdict must be based on evidence received in open court, and not from outside sources.'") (quoting Sheppard v. Maxwell, 384 U.S. 333, 351 (1966)).

Most often, problems caused by prejudicial pretrial publicity typically arise in the criminal context. See United States v. Walker, 890 F. Supp. 954 (D. Kan. 1995). However, "[t]he Supreme Court has recognized that conflict between freedom of speech and the right to a fair trial is no less troubling in the non-criminal context." Bailey v. Systems Innovation, Inc., 852 F.2d 93, 97 (3rd Cir. 1998). This is so because "'[t]here is a constitutional right to a fair trial in a civil case.' " Latiolais v. Whitley, 93 F.3d 205, 207 (5th Cir. 1996) (quoting Lemons v. Skidmore, 985 F.2d 354, 357 (7th Cir. 1993)). Nevertheless, "[s]ome courts have employed a hierarchical type of analysis, suggesting that criminal trials are subject to greater fair trial concerns than civil trials." Bailey, 852 F.2d at 98. "The Supreme Court, however, has declined to assign a priority between first amendment and sixth amendment rights." Id. (citing Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 562 (1976)). "Similarly, first amendment analysis does not vary in response to the competing seventh amendment purpose." Id.

"[T]rial courts have a wide discretion in being able to protect the judicial process from influences that pose a danger to effective justice." Journal Pub. Co. v. Mechem,

801 F.2d 1233, 1236 (10th Cir. 1986). This would include the authority to issue a civil gag order. A party seeking to impose a gag order on any trial participant must show that there is a "reasonable likelihood" that media attention or extrajudicial commentary will prejudice a fair trial. United States v. Tijerina, 412 F.2d 661, 666 (10th Cir. 1969).

As in any case involving pretrial publicity, the court must decide whether "the gravity of the 'evil,' discounted by its improbability, justifies such invasion of free speech as is necessary to avoid the danger." Nebraska Press Ass'n, 427 U.S. at 562 (quoting United States v. Dennis, 183 F.2d 201, 212 (2d Cir. 1950), aff'd, 341 U.S. 494 (1951)).

In determining whether an order restraining speech is appropriate, the court must evaluate "(a) the nature and extent of pretrial news coverage; (b) whether other measures would be likely to mitigate the effects of unrestrained pretrial publicity; and (c) how effectively a restraining order would operate to prevent the threatened danger. The precise terms of the retraining order are also important. [The court] must then consider whether the record supports the entry of a prior restraint on publication [or speech], one of the most extraordinary remedies known to our jurisprudence." Id.

"[T]he limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974). "Less restrictive alternatives to an injunction against speech include such possibilities as a change of venue, trial postponement, a searching voir dire, emphatic jury instructions, and sequestration of jurors." Walker, 890 F.Supp. at 957.

Lastly, the determination of what prior restraints, if any, is necessary to protect the integrity of the judicial process is committed to the discretion of the district court. See Koch v. Koch Indus., 2 F. Supp.2d 1409, 1413 (D. Kan. 1998).

Here, the court finds that Plaintiffs have failed to meet their burden of proof for a civil gag order to issue. In this case, the number of newspaper articles concerning this case and the number of internet postings concerning this case are small in number. In addition, both sides have had some contact with the press concerning this case and have made comments concerning this case. This court further finds that such publicity is not so great that a fair trial cannot be obtained. As of the date of this order there is no trial date set and discovery is not completed. Furthermore, there is no evidence that any members of the potential jury pool for this case will be or have been affected by any of these newspaper articles and internet postings. Moreover, at the time of trial, the potential jury pool will have to go through extensive voir dire conducted by this court, in particular, in the area of pretrial publicity that will assure that a fair and impartial jury will be selected to hear this case. Lastly, it is the court that will instruct the jury on the law applicable to this case, and all jurors selected to hear this case will be required to followed the law as instructed by this court.

The court, however, cautions the parties and counsel that they act at their own peril. Should the court determine, during jury selection or otherwise, that a change of venue is necessary due to pretrial publicity caused by the parties and/or their counsel, the court may very well consider imposing appropriate sanctions at that time.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion for Forthwith Interim Civil Gag Order and Motion for Permanent Civil Gag Order (docket no. 18) is **DENIED**;
2. That each party shall pay their own attorney fees and costs for this motion; and,
3. That Defendants shall use the proper case number in all future motions and/or pleadings that may be filed with this court. The proper case number is 07-cv-01885-MJW-KLM and **not** 07-cv-01885-(WDM-KLM).

Done this 4th day of February 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE